IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVA WILLIAMS,            ) | |
| )                        | |
|    PLAINTIFF,   ) | |
| )                        | |
| v.                       ) | CIVIL ACTION NO: |
| )                        | 1:06-CV-387-CSC |
| GREATER GEORGIA LIFE     ) | |
| INSURANCE COMPANY,       ) | |
| )                        | |
|    DEFENDANT.   ) | |

**ANSWER**

Comes now defendant, Greater Georgia Life Insurance Company, and answers the Complaint filed against it in this action as follows:

**FIRST DEFENSE**

Note, the numbered paragraphs of the First Defense correspond to the numbered paragraphs of the Complaint.

1.  Defendant admits that it is a corporation and that it issues insurance policies. Except as specifically admitted herein, defendant denies the remaining allegations of paragraph 1 of the Complaint.

2.  Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and therefore deny the same.

1465005

3. Defendant admits that an employee benefit plan may be regulated by ERISA. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the Complaint and therefore deny the same.

4. Defendant admits that plaintiff seeks to recover benefits allegedly due to plaintiff under the terms of a short-term disability policy and except as specifically admitted herein, defendant denies the remaining allegations of paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is due. To the extent a response is due, defendant admits that 29 U.S.C. §1132(e) provides in federal court jurisdiction over ERISA actions. Except as specifically admitted herein, defendant denies the remaining allegations of paragraph 5 of the Complaint.

6. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and therefore deny the same.

7. Defendant denies the allegations of paragraph 7 of the Complaint.

8. Defendant denies the allegations of paragraph 8 of the Complaint.

## SECOND DEFENSE

9. Defendant denies that plaintiff is entitled to any of the relief that plaintiff claims in her prayer for relief.

## THIRD DEFENSE

10. Plaintiff has failed to exhaust the administrative prerequisites to suit.

## FOURTH DEFENSE

11. Plaintiff has failed to exhaust the mandatory internal grievance and arbitration provisions.

## FIFTH DEFENSE

12. Plaintiff's claim is pre-exempted.

## SIXTH DEFENSE

13. Plaintiff's claim is barred by the applicable statutes of limitations.

## SEVENTH DEFENSE

14. Plaintiff's claim is barred by the doctrines of waiver, estoppel, accord and satisfaction, release and/or arbitration.

## EIGHTH DEFENSE

15. Plaintiff is not entitled to an award of attorneys' fees.

## NINTH DEFENSE

16. Defendant's actions were not arbitrary or capricious.

                                        s/ Michael L. Lucas_____
                                        Michael L. Lucas (LUC004)

                                        Attorney for Defendant Greater
                                        Georgia Life Insurance Company

**OF COUNSEL:**
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

      I hereby certify that on May 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Samuel L. Adams
    P.O. Box 1690
    153 South Oates Street
    Dothan, Alabama  36302

                                        s/ Michael L. Lucas_____
                                        OF COUNSEL