# DEFENDANT GGL
# EXHIBIT 10



**Greater Georgia Life**
Atlanta Disability Service Center
PO Box 105426
Atlanta, GA 30348-5426
Phone: (800) 905-0018, Ext. 29251
Fax: (404) 682-9266

**VIA FEDERAL EXPRESS**

November 29, 2005

Eva Williams
~~[redacted]~~
~~[redacted]~~, AL 36345

**RE: West Point Home, Inc. Short-Term Disability (STD) Plan**

Dear Ms. Williams:

I am writing to advise you of the outcome of your request for review of the denial of benefits under the West Point Home, Inc. Short-Term Disability (STD) Plan. Greater Georgia Life, as claim administrator for the West Point Home STD Plan, has concluded its review of your claim and has determined that the information submitted for the purpose of appealing the denial of benefits effective July 28, 2005 does not support a disability as defined by the Plan.

Georgia Greater Life determines a claimant's eligibility for STD benefits under the West Point Home, Inc. Plan based upon claim and medical documentation that supports a claimant's inability to perform their job duties. Medical evidence includes, but is not limited to, medical/office records, hospital records, physical exam findings, operative reports, etc. that are obtained from the claimant's treating healthcare providers. We may also consider the claimant's self-reported activities of daily living as indicated on an Activities of Daily Living form.

THE PLAN - "TOTALLY DISABLED"

"Total Disabled" or "Total Disability" means that you: (1) are unable, due to a disability (whether Illness or Injury), to perform all of the duties of your regular occupation, supported by objective medical evidence; (2) are under the regular care and attendance of a physician, appropriate for the condition causing the disability; and (3) are not otherwise employed for wage or profit.

Eva Williams
November 29, 2005
Page 2

INTIAL REVIEW

Our records indicate that you filed for short-term disability benefits beginning July 28, 2005, due to Osteoarthrosis, Lower Leg. It was noted that you had a hip replacement on December 14, 2004. Your claim was received on July 29, 2005 in which James Dehaven, M.D. was indicated as your treating physician.

On August 3, 2005, your Disability Case Manager (DCM) received a fax from your physician's office which was office notes dated July 25, 2005. The office notes indicated that you contacted the office for an extended leave of absence. You were granted the leave and indicated that you will be unable to work until seen for a follow up in December 2005. Your DCM attempted to contact you on August 3, 2005 to verify the date that you were seen by your physician. On August 4, 2005 you informed your DCM that you contacted your physician's office to schedule an appointment and was advised that you did not need to come in for an appointment. During the conversation you were advised that medical documentation was needed indicating that you were seen by a physician for your request for disability.

Based on the review of the medical documentation, Georgia Greater Life determined that the medical did not support your disability due to you were not seen by a physician. A letter, dated August 5, 2005, advising you of our determination, was sent to you.

EVALUATION ON APPEAL

On October 27, 2005, Greater Georgia Life received your request for review, which was dated October 22, 2005. We acknowledged receipt of your appeal on October 28, 2005.

Based on our initial review of your appeal request it was determined that additional medical documentation was necessary for the review. On October 28, 2005 medical documentation and a Functional Capacity Estimate form was requested from Dr. Dehaven. The requested medical documentation was received on November 9, 2005. The office notes dated July 25, 2005 indicated that you contacted Dr. Dehaven and requested a leave of absence and he agreed to your request. It was noted that you were not seen by your physician. On August 9, 2005 the office notes indicated that you were doing okay and that you indicated that you "wobble". It was noted that you had a little bit of an unsteady gait. He indicated that in terms of your pain you were a lot better. You were advised to follow-up in a year for your post operative x-ray. On August 19, 2005 you contacted your physician's office and indicated that you needed a letter stating that you were unable to work at this time and that your disability carrier will need medical records. At that time, you were informed by your physician's office that your disability carrier will need to request the medical records. The office notes dated September 21, 2005 indicated that you complained of having a lot of back pain. X-rays were taken and the results indicated that you have arthritis but not that severe. You were prescribed a Medrol Dose Pack and you were given Robaxin. You were advised to follow up as needed. The requested Functional Capacity Estimate form was not received.

Eva Williams
November 29, 2005
Page 3

DECISION ON APPEAL

The West Point Home, Inc. Plan states that "you must be under the regular care and attendance of a physician, appropriate for the condition causing disability". The medical documentation indicates that you contacted your physician's office on July 25, 2005 but you did not see your physician until August 9, 2005. The medical documentation received did not provide any functional limitations or objective findings to support that you were unable perform all of the duties of your regular occupation.

Consequently, based upon review of all documentation, we have determined that the medical information submitted in support of your appeal did not provide evidence that you were "totally disabled" as defined by the Plan. Therefore, STD benefits are denied effective July 28, 2005, and our file remains closed.

Additionally, if you disagree with our decision on this matter, you have the right to bring action in federal court under ERISA Section 502(a) (1) (B). Furthermore, you are entitled to receive, upon request and free of charge, reasonable access to, and copies of all documents, records, and other information relevant to your claim for benefits.

If you have any questions or concerns, please feel free to contact me at 800-905-0018, extension 29251.

Sincerely,

Kristie Y. Woods
Senior Quality Management Specialist/Appeal Coordinator