IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EVA WILLIAMS, | * | |
|     PLAINTIFF, | * | |
| | * | |
| v. | * | CASE NO:  1:06-CV-387-CSC |
| | * | |
| GREATER GEORGIA LIFE, | * | |
| INSURANCE COMPANY, | * | |
|     DEFENDANT. | * | |
| | * | |

**Plaintiff's Brief and Response to the Defendant's Motion for Summary Judgment**

**COMES NOW**, the Plaintiff, Eva Williams, and submits the following Brief in support of her Response to the Motion for Summary Judgment.

**Facts**

Plaintiff filed her Complaint for ERISA benefits against Greater Georgia Life Insurance Company ("GGL"), seeking short term disability, which she claims was due under a policy issued to her employer West Point Homes, Inc. Her claim for those benefits under the policy administered by Greater Georgia Life Insurance Company were due because she was unable to perform her job as set forth in an excuse for work issued by her treating physician. (Complaint filed April 28, 2006)

The Plaintiff was initially referred to Dr. James Dehaven because of back pain, right hip and thigh pain that she had for more than a year.  On her initial evaluation by Dr. Dehaven was on July 22, 2004.  She was diagnosed with severe degenerative arthritis to the hip. Her option was a total hip arthroplasty.  At that time, Dr. Dehaven placed Ms. Williams on an extended leave of absence.  (Records of Dr. Dehaven, pages 00021, 00022)

Ms. Williams was admitted to Flowers Hospital on December 14, 2004 for a total hip arthroplasty of her right hip. (Records of Dr. Dehaven, pages 00036, 00037) After the surgery, she continued to be treated by Dr. Dehaven from the date of surgery until December 9, 2005. (Records of Dr. Dehaven, pages 00015-00020)

On May 14, 2004, Ms. Williams returned to work at West Point Home Inc. but because of pain from her hip and wobbles in the hip she was unable to perform her job. (Record of Dr. Dehaven, page 00062) (Declaration of Eva Williams paragraph 8)

On June 23, 2005, Ms. Williams returned to Dr. Dehaven and complained of hurting somewhat. At that time Dr. Dehaven assured her that she would do better, but it appeared that her work was what was causing the problems she was having. (Record of Dr. Dehaven, page number 00017). Ms. Williams again saw Dr. Dehaven on August 9, 2005 and complained that her hip wobbles and that she was unsteady in her gait but the pain was somewhat better. At that visit, Dr. Dehaven gave her a certification that she was unable to return to work until December 2005. (Records of Dr. Dehaven, pages 00016, 00055)

On December 9, 2005, Ms. Williams went to Dr. Dehaven. She was discharged as a patient and was returned to work with no restrictions on December 13, 2005. (Record of Dr. Dehaven, pages 00015, 00052)

The records of GGL state that Ms. Williams was not being treated at the time that she stopped work and therefore her claim was denied on August 24, 2005. However, above on the same document it shows that she was treated twice within the six weeks, June 23, 2005 and August 9, 2005. (Declaration of Kristie Woods, Exhibit A, Page 6 of 8)

Ms. Williams appealed her denial of benefits on October 28, 2005. (Declaration of Kristie Woods, Exhibit A, Page 7 of 8)

On October 28, 2005, Greater Georgia Life Insurance Company requested all medical records office notes, reports, letters, and summaries that resulted from any diagnostic treatment of Ms. Williams from July 1, 2005 to that date. (Record of Dr. Dehaven, page 00053) The medical records from Dr. Dehaven were received by GGL on November 16, 2005. (Declaration of Kristie Woods, Exhibit A, Page 7 of 8) In administering the plan, GGL had discretionary authority to determine entitlement to Plan benefits. (Group Shot Term Disability Insurance Benefits, page 9) The original denial was upheld on November 29, 2005. (Declaration of Kristie Woods, Exhibit A, Page 7 of 8)

## Law

It is undisputed that GGL had discretionary authority to determine entitlement to Plan benefits, therefore, the standard and scope for review in this case is under the "arbitrary and capricious" standard of review, which parallels the abuse of discretion standard. It is therefore the function of the court to determine if there was a reasonable basis for the benefits decision based on the facts as known to the ERISA plan administrator at the time the decision was made.
Williams v. Bell South Telecommunications, Inc. 373 F.3d 1132
Anderson v. Unum Life Ins. Co of America, 414 F.Supp.2d 1079

## Argument

Defendants argue that the Summary Judgment should be granted based on the fact that they say that the Plaintiff was not totally disabled as defined under the plan. As set forth in the plan "totally disable" with "total disability" means that you: (1) are unable, due to a disability (whether Illness or Injury), to perform all of the duties of your regular occupation, supported by objective medical evidence; (2) are under the regular care and attendance of a physician,

appropriate for the condition causing the disability; and (3) are not otherwise employed for wage or profit.

It is undisputed that Ms. Williams was unable to perform all of her duties of her regular occupation and that was supported by objective medical evidence.  Dr. Dehaven had performed a total hip replacement on Ms. Williams on December 14, 2005.  After her surgery, Ms. Williams was out of work and on short term disability under the GGL Plan until she returned to work on May 14, 2004, because of pain from her hip and wobbles in the hip she was unable to perform her job.

On June 23, 2005, Ms. Williams returned to Dr. Dehaven and complained of hurting somewhat.  At that time Dr. Dehaven assured her that she would do better, but it appeared that her work was what was causing the problems she was having.  (Record of Dr. Dehaven, page number 00017)  Ms. Williams again saw Dr. Dehaven on August 9, 2005 and complained that her hip wobbles and that she was unsteady in her gait but the pain was somewhat better.  At that visit, Dr. Dehaven gave her a certification that she was unable to return to work until December 2005.  (Record of Dr. Dehaven, pages 00016, 00055)

She was again seen by Dr. Dehaven on September 21, 2005, and indicated that she had a lot of pain.  Finally, after Ms. Williams visit on December 9, 2005, Dr. Dehaven discharged her and returned her to work.  (Record of Dr. Dehaven, page 00015, 00016)

It cannot be disputed that Ms Williams was unable, due to a disability (whether Illness or Injury), to perform all of the duties of her regular occupation, supported by objective medical evidence for the period from June 23, 2005 until December 9, 2005. Therefore she met the first criteria in the definition of "total disability" as set forth in the plan.

Neither can it be disputed that during the period that she was under the regular care and attendance of a physician, appropriate for the condition causing the disability which meets the second criteria in the definition of "total disability" as set forth in the plan.

Finally there is no evidence to dispute that she was not otherwise employed for wage or profit which meets the third criteria in the definition of "total disability" as set forth in the plan.

Dr. Dehaven's records clearly show that Ms. Williams was under his care from June 23, 2005 to December 9, 2005, the period of claimed disability.  There are medical excuses saying that she is to stay out of work for this period of time.  There has been no indication from any other medical source that Ms. Williams could in fact return to work with her condition.  The denial of Ms. Williams disability benefits because "she had not been seen by a physician" was clearly erroneous on the part of GGL.  The records of Dr. Dehaven clearly show that she was seen by him during this period and these records were in the possession of GGL at the time of the denial of disability and during the appeal of that denial.  During the period of claimed disability, Ms. Williams was seen by Dr. Dehaven on no less than three occasions.   It appears that in this case, GGL substituted its judgment for the judgment of Dr. Dehaven and therefore made a totally erroneous denial of her benefits.  There was no reasonable basis to deny Ms. Williams benefits according to the medical records that GGL had to base their determination and further in light of the medical records and the lack of the return to work from Dr. Dehaven, in no way could GGL say that their determination was reasonable.

There is nothing in the records of GGL to contradict the findings by Dr. Dehaven that Ms. Williams was disabled.  No independent medical examiner examined Ms. Williams, there is nothing to indicate in the file of GGL that Ms. Williams was not disabled and it appears that there was not a thorough review of the medical evidence that was in her file.  In view of the

forgoing, the determination that Ms. Williams was not disabled was de novo wrong and there was no reasonable grounds to deny her disability and summary judgment should be denied.

Respectfully submitted this 13th day of December, 2006.

/s/Samuel L. Adams
Samuel L. Adams (ADA017)
Attorney for Plaintiff
P.O. Box 1690
Dothan, AL 36302
334-792-0965

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the above listed parties, by placing a copy of the same in the United States mail, correctly addressed and first-class postage prepaid on this 13th day of December, 2006.

Michael L. Lucas (LUC004)
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203

/s/Samuel L. Adams
Samuel L. Adams