**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| EVA WILLIAMS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: |
| | ) | 1:06-CV-387-CSC |
| GREATER GEORGIA LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**DEFENDANT GREATER GEORGIA LIFE INSURANCE
COMPANY'S MOTION TO STRIKE**

**COMES NOW** defendant Greater Georgia Life Insurance Company ("GGL"), pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, and hereby moves the Court to strike Paragraph 9 of plaintiff's *Declaration* filed in opposition to GGL's motion for summary judgment. As grounds for this motion to strike, GGL states as follows:

**INTRODUCTION**

On November 22, 2006, GGL filed its motion for summary judgment in this case demonstrating that there are no genuine issues of material fact and that GGL is entitled to judgment as a matter of law. Plaintiff filed her response on December 12, 2006, and her evidentiary submission on December 14, 2006. As part of her evidentiary materials, plaintiff submitted a *Declaration* in which she presents

hearsay and other immaterial information to the Court in a desperate attempt to avoid summary judgment. In particular, plaintiff states as follows in Paragraph 9 of her *Declaration*:

> On August 9, 2005, I returned to Dr. Dehaven's office complaining of my problems and at that time he agreed with me that I was unable to work until my follow up visit in December of 2005 (see records of Dr. Dehaven 00055, 00016). Dr. Dehaven gave me an excuse from work for that period on that day.

(Pltf. Decl., ¶ 9). For the reasons set forth below, Paragraph 9 of plaintiff's *Declaration* is due to be stricken.

## A.     The Assertions In Paragraph 9 Should Be Stricken Because They Contain Inadmissible Hearsay

Under the Federal Rules of Evidence, hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted." FED. R. EVID. 801. "The general rule is that that inadmissible hearsay 'cannot be considered on a motion for summary judgment.'" Macuba v. Deboer, 193 F.3d 1316, 1322 (11th Cir. 1999) (citations omitted; footnote omitted). Here, plaintiff claims Dr. Dehaven stated that she was "unable to work." This is clearly a out-of-court statement offered to prove the truth of the matter asserted therein, and is therefore inadmissible hearsay. Plaintiff likely offers this inadmissible hearsay because there is no admissible evidence that GGL had any evidence of a "total disability" -- or any evidence whatsoever that

plaintiff was unable to perform her job -- when it denied her claim for benefits. This hearsay statement is due to be stricken, and the Court must not consider it in ruling on GGL's motion for summary judgment.

**B.**     **The Assertions In Paragraph 9 Should Be Stricken Because They Rely On A Medical Record That Was Not Before GGL At The Time It Denied Plaintiff's Claim For Benefits**

Paragraph 9 of plaintiff's *Declaration* is also due to be stricken because the medical record (Dr. Dehaven 00055) that plaintiff relies on to support her assertions is an irrelevant and inadmissible document. This record, dated August 9, 2005, had not been submitted to GGL at the time GGL denied plaintiff's claim for benefits. Accordingly, the record has no bearing on any alleged liability for wrongful denial of benefits, and should not be considered on summary judgment.[1]

Under Rule 56(e) of the Federal Rules of Civil Procedure, affidavits submitted in opposition to summary judgment "shall be made on personal knowledge, set forth such facts **as would be admissible in evidence**, and shall show affirmatively that the affiant is competent to testify to the matters related therein." FED. R. CIV. P. 56(e) (emphasis added). In turn, the Federal Rules of Evidence define "relevant evidence" as evidence having any tendency to make the

---

[1]     Contrary to plaintiff's contention, the other medical record (Dr. Dehaven 00016) cited in Paragraph 9 of her *Declaration* indicates that on August 9, 2005 plaintiff was "doing okay" and her pain "was getting a lot better." This record, along with the many other medical records attached as exhibits to GGL's brief in support of summary judgment, shows that GGL acted reasonably when it denied plaintiff's claim for benefits.

existence of any fact of consequence more or less probable, and further state that evidence "which is not relevant is not admissible." FED. R. EVID. 401-02.

Thus, applying Rule 56 of the Federal Rules of Civil Procedure and Rules 401 and 402 of the Federal Rules of Evidence, it is clear that irrelevant evidence in an affidavit or declaration submitted in opposition to summary judgment should be stricken. Here, the August 9, 2005 medical record cited in Paragraph 9 of plaintiff's *Declaration* is irrelevant, inadmissible, and due to be stricken based on the substantive ERISA law of the Eleventh Circuit.

Specifically, in determining whether a fiduciary acted reasonably in denying a plaintiff's claim for ERISA benefits, courts in this Circuit are "to determine whether, **given the evidence available** to the fiduciary, the claims decision was made rationally and in good faith…." Daniels v. Hartford Life & Acc. Ins. Co., 898 F. Supp. 909, 912 (N.D. Ga. 1995) (citing Griffis v. Delta Family Care Disability Plan, 723 F.2d 822, 825 (11th Cir. 1984) (emphasis added)); Paramore v. Delta Air Lines, Inc., 129 F.3d 1446, 1451 (11th Cir. 1997) ("[T]he administrator's fact-based determinations will not be disturbed if reasonable **based on the information known to the administrator at the time the decision was rendered**.") (emphasis added). In other words, any evidence that was not before GGL at the time it made the decision to deny plaintiff's claim is irrelevant for purposes of this lawsuit. Here, the medical record identified as "Dr. Dehaven

00055" (cited by plaintiff as support for her contention that she was "unable to work") was never submitted to GGL, and was therefore not available to GGL when it reviewed plaintiff's claim.[2]  It is therefore irrelevant to the Court's inquiry in this case, and should be stricken from plaintiff's *Declaration*.

      **WHEREFORE**, GGL requests that the Court strike Paragraph 9 of plaintiff's *Declaration*.

s/ Michael L. Lucas           
Michael L. Lucas (LUC004)
Graham W. Gerhardt (GER014)
Attorneys for Defendant Greater
Georgia Life Insurance Company

**OF COUNSEL:**
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

---

[2]      That this document was never submitted to GGL is evident from a review of Exhibit B to the declaration of Kristie Woods, which is the set of medical records faxed to GGL for review on August 24, 2005.  It is also telling that nowhere in plaintiff's *Declaration* does she claim (because she cannot) that GGL received this record before it made the decision to deny plaintiff's claim for benefits.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Samuel L. Adams
P.O. Box 1690
153 South Oates Street
Dothan, Alabama  36302

s/ Michael L. Lucas_____
OF COUNSEL